United States District Court
Southern District of Texas
**ENTERED**
October 31, 2023
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

## GALVESTON DIVISION

No. 3:13-cv-308

Honorable Terry Petteway, *et al.*, *Plaintiffs*,

v.

Galveston County, Texas, *et al.*, *Defendants*.

### MEMORANDUM OPINION AND ORDER

Jeffrey Vincent Brown, *United States District Judge*:

This matter was recently reassigned to this court from Judge Gregg Costa, who was sitting by designation before he returned to private practice last year. The court now takes up a motion for costs and attorneys' fees and a bill of costs. Dkts. 83, 84. The court will deny the motion for attorneys' fees, experts fees, and other litigation expenses. Dkt. 84. Further, the court will sustain in part and overrule in part the plaintiffs' objections to the defendants' bill of costs. Dkt. 83.

## I.    Background

In August 2013, the plaintiffs[1]—the Honorable Terry Petteway, Derrick Rose, Michael Montez, Penny Pope, and Sonny James—sued the defendants—Galveston County and Judge Mark Henry—after the Galveston County Commissioners Court adopted an electoral plan in 2013 that reduced the number of constable and justice-of-the-peace precincts. Dkt. 1. They alleged that the 2013 plan illegally diluted the voting power of Galveston County's Black and Latino voters under § 2 of the Voting Rights Act. *Id.* ¶¶ 57–59. They also averred that the defendants violated the Fourteenth and Fifteenth Amendments by intentionally discriminating against the county's Black and Latino residents. *Id.* ¶¶ 60–64.

The plaintiffs requested an expedited trial setting and docket-control order, Dkt. 5, and the court entered an order setting trial in January 2014. Dkt. 14. In October 2013, the defendants moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). Dkt. 16. The motion was not ruled on before trial.

The court convened a bench trial on January 14, 2014. Dkt. 74. Before beginning trial, the defendants re-urged the arguments in their Rule 12

---

[1] Roosevelt Henderson was previously a plaintiff in this case but passed away in January 2022. Dkt. 55.

motion, but the court announced it would carry the motion until making its final rulings. *Id.* at 21–25; *see also* Minute Entry (Jan. 16, 2014). After the plaintiffs rested and the defendants orally moved for a partial judgment, the court entered judgment against the plaintiffs' vote-dilution claim. Dkt. 76 at 88–90; *see also* Dkt. 78 at 1. But the court allowed the intentional-discrimination claims to proceed. Dkt. 76 at 90–91. The bench trial concluded on January 16. *Id.* at 312. After trial, the court ordered the parties to submit post-trial briefs by January 31. Dkt. 41. Both parties timely filed their briefs. Dkts. 50, 51.

Following the bench trial eight years later, the court concluded that the defendants were not motivated by discriminatory intent when adopting the 2013 plan. Dkt. 78. It separately rendered judgment for the defendants on the plaintiffs' intentional-discrimination claim. Dkt. 79.

## II.  Legal Standard

### A. Motion for Attorneys' Fees

District courts may enter a post-judgment award for attorneys' fees. Fed. R. Civ. P. 54(d)(2). The parties seeking a fee award must (1) "specify the judgment and the statute, rule, or other grounds entitling [them] to the award;" (2) "state the amount sought or provide a fair estimate of it;" and (3) "disclose, if the court so orders, the terms of any agreement about fees for

the services for which the claim is made." Fed. R. Civ. P. 54(d)(2)(B)(ii)–(iv). In federal-question cases, federal law governs awards of costs and fees. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) ("A fee award is governed by the same law that serves as the rule of decision for the substantive issues in the case."). The party seeking attorneys' fees bears the burden of establishing entitlement to such an award. *Amawi v. Paxton*, 48 F.4th 412, 412 (5th Cir. 2022).

### B. Taxation of Costs

Under Fed. R. Civ. P. 54, "costs—other than attorney's fees—should be allowed to the prevailing party." As defined by statute, recoverable "costs" are limited to:

(1)   Fees of the clerk and marshal;

(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)   Fees and disbursements for printing and witnesses;

(4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)   Docket fees under section 1923 of this title; [and]

(6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "The Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015) (quoting *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010)).

A district court has wide discretion when determining whether the prevailing party is entitled to an award of costs. *Edwards v. 4 JLJ, L.L.C.*, 976 F.3d 463, 466 (5th Cir. 2020). But there is a "strong presumption" that the prevailing party is entitled to costs, and the Fifth Circuit has described the denial of costs as "in the nature of a penalty." *Pacheco v. Mineta*, 448 F.3d 783, 793–94 (5th Cir. 2006) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)).

### III. Analysis

The defendants ask the court to award them the $375,731.00 in attorneys' fees, $80,099.26 in expert fees, and $46,486.42 in other litigation expenses they incurred as the prevailing parties in this case. Dkts. 84. They also ask the court to award them other costs as the prevailing party: $12,770.84 for deposition and trial transcripts as well as $48.88 for copies and printing. Dkt. 83.

After reviewing the record and the pleadings, the court holds that the defendants are not entitled to their attorneys' fees, expert fees, or other litigation expenses because the plaintiffs' case was not frivolous, unreasonable, or groundless. However, the defendants are entitled to most of the remaining costs reflected in their bill of costs.

### A. Attorneys' Fees, Expert Fees, and Litigation Expenses

Under federal law, "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010). But "Congress has created statutory exceptions to this general rule." *Veasey v. Abbott*, 13 F.4th 362, 368 (5th Cir. 2021). For example, under 42 U.S.C. § 1988(b) in civil-rights proceedings, the court may discretionarily "allow the prevailing party . . . a reasonable attorney's fee as part of the costs." Similarly, 52 U.S.C. § 10310(e) provides that "[i]n any action or proceeding to enforce the voting guarantees of the fourteenth and fifteenth amendment, the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, reasonable expert fees, and other reasonable litigation expenses as part of the costs." These statutes "are 'identically construed' because they share similar 'language and purpose.'" *Veasey*, 13 F. 4th at 368 (quoting *Davis v. Abbott*, 781 F.3d 207, 213 n.6 (5th Cir. 2015)).

The Voting Rights Act "limits fee-shifting for prevailing defendants in civil-rights cases to instances where the 'plaintiff's action was frivolous, unreasonable, or without foundation.'" *Vaughan v. Lewisville Indep. Sch. Dist.*, 62 F.4th 199, 203 (5th Cir. 2023) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). This "stringent standard applicable to defendants is intended to ensure that plaintiffs with uncertain but arguably meritorious claims are not altogether deterred from initiating litigation by the threat of incurring onerous legal fees should their claims fail." *Myers v. City of West Monroe*, 211 F.3d 289, 292 n.1 (5th Cir. 2000) (quoting *Aller v. N.Y. Bd. of Elections*, 586 F. Supp. 603, 605 (S.D.N.Y. 1984)).

"Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Christiansburg Garment Co.*, 434 U.S. at 422. Concerning frivolousness, a district court may consider several factors:

> whether the plaintiff established a prima facie case, whether squarely controlling precedent foreclosed the plaintiff's legal argument, whether the plaintiff's evidence was so lacking that there is no basis from which to say the claims were not frivolous, whether the defendant offered to settle, and whether the plaintiff's claim was so obviously meritless that it was dismissed prior to trial.

*Vaughan*, 62 F.4th at 204–05 (cleaned up). It must also "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co.*, 434 U.S. at 421–22. The fact that a plaintiff ultimately loses "is not in itself a sufficient justification for the assessment of fees." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).

### 1. Improper Pleading

At the onset, the plaintiffs contend that the defendants are not entitled to attorneys' fees because they never pleaded for them. Dkt. 85 at 5–6. Procedurally, this argument is a non-starter. The defendants never had an opportunity to plead for attorneys' fees because the court never ruled on their first responsive pleading—the Rule 12 motion to dismiss. *See* Dkt. 16. In procedural situations where a party could not have been required to request fees, the Fifth Circuit has allowed a party to seek them after the fact. *See United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 765 & n.4 (5th Cir. 1996) (relying on *Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1240 (5th Cir. 1984)). The court will allow the defendants to seek an award of attorneys' fees now.

## 2. Frivolous, Unreasonable, or Groundless

On the merits, the parties agree that the defendants are the prevailing party but disagree on whether the defendants are entitled to attorneys' fees under 42 U.S.C. § 1988 and 52 U.S.C. § 10310(e). To demonstrate that the plaintiffs' claims were frivolous, unreasonable, or groundless, the defendants merely restate the court's findings during and after trial. Dkt. 84 at 9–10. They argue that the plaintiffs' vote-dilution claim was "groundless from the start" because under the 2013 plan "the percentage of minority Galveston County residents living in a majority-minority district was increased." *Id.* at 9. And for the plaintiffs' intentional-discrimination claims, the defendants echo the court's finding that "it is hard to ascribe discriminatory intent to the change when it left minority voters with control of a greater percentage of the JP/Constable precincts." *Id.* at 10 (quoting Dkt. 78 at 2). Finally, they highlight that they invited the county's Democratic Party chair to participate in drawing the new precinct lines. *Id.*

In response, the plaintiffs argue that the defendants "made no effort" to apply the factors outlined above. Dkt. 85 at 9. They emphasize that the court did not dismiss their claims under Fed. R. Civ. 12 (b)(6) before trial and denied the defendants' motion for partial judgment on the intentional-discrimination claim. *Id.* at 9–10. Additionally, the plaintiffs allege that

defendants did not attempt to settle the matter before trial. *Id.* at 10. Finally, they contend that "[t]he fact that the court required eight years to render its final decision in this case also weighs against a frivolous finding." *Id.*

After reviewing the record, the court concludes that the defendants failed to show that the plaintiffs' claims were frivolous, unreasonable, or groundless. Initially, the court did not dismiss the claims before trial, even though the defendants timely filed a Rule 12 motion. *See* Dkts. 16; 74 at 21–25. And although "whether a defendant offers to settle a case is of questionable value in determining whether the plaintiff's claims are frivolous," *Myers*, 211 F.3d at 292, the defendants do not refute that they did not attempt to resolve this dispute before trial. *See* Dkts. 85 at 10; 88.

The plaintiffs also presented "some credible evidence on their claims during the trial" establishing "the colorable merit of the plaintiffs' action." *See Vaughner v. Pulito*, 804 F.2d 873, 878 (5th Cir. 1986). Concerning the vote-dilution claim, the plaintiffs presented some evidence that the 2013 plan would have reduced the percentage of Galveston County residents living in a majority-minority district. *See* Dkt. 76 at 45 (discussing the plaintiffs position that four districts were majority-minority before the 2013 plan). And contrary to the defendants' claims, the plaintiffs presented novel legal arguments that distinguished prior precedent. *See id.* at 46–52. Although the

court disagreed and ultimately rendered judgment for the defendants, that does not mean that the plaintiffs' vote-dilution claim was without any foundation. *See Jones v. Tex. Tech. Univ.*, 656 F.2d 1137, 1146 (5th Cir. 1981) ("Because the court's findings appear to be no more than reiteration of its ultimate conclusions on the merits of [the plaintiff's] claim . . . , the court's findings of fact fall short of supporting its legal conclusion that [the plaintiff's] lawsuit was frivolous.").

The defendants' attacks on the intentional-discrimination claim fare no better. The court found that "[b]oth sides presented evidence that supports their position." Dkt. 78 at 1–2. Further, the defendants offered no controlling precedent that foreclosed the plaintiffs' legal arguments before or during trial. *See* Dkt. 84 at 10. So there is no reason to conclude that the plaintiffs pursued a frivolous or otherwise unreasonable claim at trial.

Because the above factors weigh against awarding attorneys' fees, the court exercises its discretion to deny the defendants' motion for an award of attorneys' fees, expert fees, and other litigation expenses. Thus, the defendants' motion is denied. Dkt. 84. To the extent the plaintiffs' objections

to the bill of costs overlap with the motion for attorneys' fees, *see* Dkt. 86 at 4–6, those objections are sustained.[2]

## B. Taxable Court Costs

The plaintiffs also object to the defendants' bill of costs. Dkt. 86. Although the plaintiffs do not contest the court awarding the defendants $48.88 for printing and copying, they argue that the court should not award the defendants $1,558.59 for deposition transcripts and $11,212.25 for trial transcripts. *Id.* at 3–5. The court addresses these objections in turn.

### 1. No Itemized Invoices

First, the plaintiffs object that there is "insufficient documentation to support [the] amount" request for deposition and trial transcripts because the defendants "merely state the amount" without any indication of their necessity for use in the case. Dkt. 86 at 3–4.

A district court may, in its discretion, deny costs when a party has not provided an itemized breakdown of the costs incurred and reasons for their necessity. *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). But just because the defendants "did not precisely itemize" its costs or provide

---

[2] In the alternative, the defendants ask the court to "award the statutory witness fees pursuant to 18 U.S.C. § 1821." Dkt. 84 at 12. Congress repealed this statute about three years ago. Consolidated Appropriations Act, Pub. L. No. 116-260, Div. O, Title X, § 1002(8). So the court will not award any fees under § 1821.

itemized invoices does not prevent the court from awarding these fees. *United Teacher Assocs. Ins. Co. v. Union Lab. Life Ins. Co.*, 414 F.3d 558, 574 (5th Cir. 2005). A party meets its burden by providing "some demonstration" that costs "necessarily result from that litigation," *Fogleman*, 920 F.2d at 286, such as submitting an "appropriate declaration under penalty of perjury that the costs were correct and 'necessarily incurred in this action.'" *United Teacher Assocs. Ins. Co.*, 414 F.3d at 574.

The defendants submitted a declaration from their counsel Joseph Nixon, who declared under penalty of perjury that the deposition and trial transcripts were "necessarily obtained for use in the [l]itigation." Dkt. 83-1 ¶¶ 6(a), (b). Mr. Nixon also explained why they did not attach itemized invoices, noting that they are "no longer available from the firm or counsel" because he "moved to a different firm and then to an outside agency." Dkt. 87 ¶ 10. His declaration meets the minimum requirements to demonstrate their necessity to this case. Still, the court discretionarily finds that a 20% reduction is appropriate given the lack of invoices, which prohibits the court from verifying Mr. Nixon's statements. The court sustains the plaintiffs' objection in part and overrules in part.

## 2. Expedited Trial Transcripts

Second, the plaintiffs object to the defendants' request for an award associated to any "rush fees" for trial transcripts. Dkt. 86 at 3–4. They argue that the defendants do not "indicate which post[-]trial motions required the use of the transcripts or why they could have been necessary for an appeal." *Id.* at 4.

The cost of obtaining expedited trial transcripts is generally "not taxable unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript." *Fogleman*, 920 F.2d at 286. Given the fast-paced nature of this Voting Rights Act case, the plaintiffs' request for an expedited trial, the very brief discovery period, and the two-week period allowed for post-trial briefing, the court is convinced that the defendants' expedited transcripts were justified under the circumstances. *See Evert Fresh Crop. v. Pactiv Corp.*, No. 4:09-cv-1936, 2011 WL 2672353, at *2 (S.D. Tex. July 7, 2011). The court overrules this objection.

After the 20% reduction, the court awards the defendants $10,216.67 for costs related to deposition and trial transcripts.

\* \* \*

As provided above, the court denies the defendants' motion for attorneys' fees, experts fees, and other litigation expenses. Dkt. 84. It sustains in part and overrules in part the plaintiffs' objections to the bill of costs. Dkts. 83, 86.

The court orders that the defendants recover from the plaintiffs $48.88 for printing and copies along with $10,216.67 for deposition and trial transcripts—for a total award of $10,265.55.

Signed on Galveston Island this 31st day of October, 2023.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE